### No. 1805

### Second Circuit Appeal

---

### FRANK A. ELY v. R. N. DORRITY

---

(February 3,· 1925, Opinion and Decree)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Bills and Notes—Par. 194.**
In view of Articles 158 and 169 of the Code of Practice, it is not necessary to make amicable demand on defendant; the maker of the note, when. suing on a promissory note which is past due and unpaid.

Appeal from . the City Court of City of Shreveport, Louisiana, Hon. D. B.' Samuels, Judge.

Action to collect a promissory note. The defense is that additional time was given defendant ·to pay. Judgment ·for plaintiff and ·defendant appealed.

Judgment affirmed.

J. E. Harrington, of Shreveport, attorney for plaintiff and appellee.

Dickson and Denny, of Shreveport, attorneys for defendant and appellant.

ODOM, J. This is a suit on a promissory note for $162.15, dated June 10, 1922, and made payable on June 24 after its date.

The suit was filed on July 18, 1924.

Defendant answered admitting execution of the note sued on but alleges that he had a verbal agreement with plaintiff at the time the note matured "that additional time was given and that without making any demand or cancelling his agreement with your defendant this suit was filed," and "defendant especially alleges that plaintiff had no right to sue upon the note without putting your defendant in default."

## OPINION

There is no dispute as to the debt sued on. Defendant owes the amount but he contends that he had been granted additional time in which to pay the note and that plaintiff's suit was premature.

The note sued on matured on June 24, 1922. The suit was filed on July 18, 1922. The testimony of defendant is that when the note fell due on June 24 he told plaintiff that he did not have the money with which to pay the debt but that he had "an escrow which I thought would be closed out on the 15th" and that he told plaintiff, "if I cannot get the money by the 15th I will borrow the money and pay you." He further says that he made arrangements to pay the note. That on Wednesday, July 12, his mother-in-law died and that it "ran along that way until I decided I ought to mail him a check." He says that finally he called plaintiff and told him that he would mail him a check but that he did not want to pay attorney's fees. He says that he had been informed by a friend

that suit had been filed. Suit was filed on July 18. It is therefore clear that the suit was not filed within the extension of time granted by plaintiff to defendant.

Defendant claims that the suit should not have been filed before formal demand was made by plaintiff. The note matured on June 24. Evidently demand was made at that time for defendant asked for an extension of time to July 15, which was granted by plaintiff. He failed to pay within the extension.

Article 169, Code of Practice, reads as follows:

"It is not necessary previous to bringing a suit to make an amicable demand in writing."

It is only in cases where the action is brought before the maturity of the debt that the suit should be dismissed.

See Code of Practice, Article 158.

This suit was brought after the maturity of the debt and after the expiration of the extension of time for the payment thereof. Even if that were not true demand for payment of the note is specially waived on the face thereof. However, if any demand for any reason was necessary in this case, one was made at the maturity of the debt, which was sufficient.

For the reasons assigned the judgment appealed from is affirmed with costs.